IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Melanie Vander Poel, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>United States Postal Service, )<br>)<br>　　　　　Defendant. )<br>) | Civil Action No. 6:23-cv-6286-TMC<br><br>**ORDER** |

Plaintiff Melanie Vander Poel, proceeding *pro se*, filed this action against Defendant United States Postal Service in state court, alleging that Defendant mishandled and damaged Plaintiff's cross-country shipment of expensive fishing rods. (ECF No. 1-1 at 4–5). According to Plaintiff, she opted for the insurance offered by Defendant and paid a fee to protect her shipment from damages up to $1000. *Id*. at 4. When Plaintiff's son, the recipient, opened the package and discovered that the fishing rods had been damaged, Plaintiff submitted an insurance claim via Defendant's website. According to Plaintiff, Defendant denied the claim. While Plaintiff appealed the denial, she had difficulty uploading supporting pictures to Defendant's online appeal portal and was precluded from fully addressing the denial because Defendant's webpage limits the claimant to 255 characters. *Id*. at 4–6.

Plaintiff subsequently filed an action against Defendant in state court, seeking damages in the amount of $3,163.98 as compensation for the damaged fishing equipment, the cost of shipping and insurance as well as emotional damages. *Id*. at 5. Defendant removed the action to federal court, (ECF No. 1), whereupon it was referred to a United States Magistrate Judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e)

1

(D.S.C.). Subsequently, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 7), and Plaintiff submitted a response in opposition (ECF No. 17).

Now before the court is the magistrate judge's Report and Recommendation ("Report") recommending that the court grant Defendant's motion to dismiss. (ECF No. 19 at 4). The magistrate judge reasoned that the United States has not waived its sovereign immunity for this type of claim:

> [T]he Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States in certain situations where injuries are caused by the negligent acts of governmental employees while acting in the scope of their employment. *See* 28 U.S.C. §§ 1346. Under the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101 *et seq.*, the FTCA applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). Although the FTCA may waive sovereign immunity for certain tort claims arising out of the activities of USPS, "it is axiomatic that waivers of sovereign immunity are not necessarily total." [*Global Mail Ltd. V. U.S. Postal Serv.*, 142 F.3d 208, 211 (4th Cir. 1998)]. Explicitly excluded from the FTCA's waiver of immunity are claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Because the present action clearly concerns the USPS's alleged miscarriage and negligent transmission of the plaintiff's package, the undersigned finds that her claims against the USPS are barred by 28 U.S.C. § 2680(b).

*Id.* at 3–4.

Plaintiff filed objections to the Report, (ECF No. 23), and Defendant filed a reply, (ECF No. 24). These matters are now ripe for the Court's review.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that

3

"'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

**Discussion**

Construing Plaintiff's complaint liberally, the Court concludes that Plaintiff is asserting claims sounding in both tort and contract. To the extent that Plaintiff alleges the damage to her fishing equipment could only have occurred through the Defendant's "mishandling [of the package she shipped] in the 'mailstream,'" (ECF No. 1-1 at 5), the Court concludes Plaintiff is asserting a tort claim against Defendant which, as explained by the magistrate judge, is excluded from the FTCA's waiver of immunity under 28 U.S.C. § 2680(b) and, therefore, barred. *See* (ECF No. 19 at 3–4). Plaintiff's objections (ECF No. 23) do not offer any basis for this Court to reject the magistrate judge's conclusion that Plaintiff's tort claims based on the negligent mishandling of her package is barred by sovereign immunity. For example, Plaintiff suggests that she has not been afforded "the opportunity to present [her] case before a judge and/or jury in court providing undisputed facts and evidence." *Id*. at 1–2. Litigants, however, are not always entitled to a full-blown hearing; indeed, the local civil rules in this district warn litigants that "[u]nless so ordered, motions may be determined without a hearing." Local Civil Rule 7.08 (D.S.C.). "[A] party is not entitled to a hearing on his objections to a[n] . . . R&R. Rather, [a party] must be given 'notice and an opportunity to be heard,' which [the party] receive[s] through [the] opportunity to submit objections to the R&R." *Star v. TI Oldfield Dev., LLC*, No. 9:17-cv-02489-DCN, 2018 WL 4489706, at *1 (D.S.C. Sept. 19, 2018), *aff'd in part, appeal dismissed in part*, 962 F.3d 117 (4th Cir. 2020). Plaintiff in this case has received an opportunity to be heard and taken advantage of

4

this opportunity, having submitted to the court a response in opposition to Defendant's motion to dismiss, (ECF No. 17), and objections to the Report, (ECF No. 23). Accordingly, the court overrules this objection. Furthermore, the Court finds unavailing Plaintiff's argument that the amount of time afforded to object to the Report—fourteen (14) days—was insufficient for her to prepare her case for presentation to a judge or jury at a hearing. (ECF No. 23 at 2). Again, Plaintiff is not entitled to a hearing, and she was given sufficient notice and opportunity to be heard through her response in opposition, (ECF No. 17), and her objections, (ECF No. 23), which were carefully considered by the court.

However, the Court finds that, liberally construed, Plaintiff's complaint can be read to assert a contract claim to the extent Plaintiff alleges she paid for insurance and that Defendant, by accepting the package for shipment, agreed to cover damages to the contents up to $1000. (ECF No. 1-1 at 7); *see id.* ("[T]he local USPS in Taylors, SC . . . entered into this contract by accepting the package . . . "). "Although not specifically holding that 28 U.S.C.A. § 2680(b) is inapplicable to postal-contract claims, many [courts] have recognized that a cause of action in contract is available to the extent that the Postal Service has expressly contracted to insure or indemnify a postal customer against the loss of mail." Lockhart, James, *Construction and Application of Federal Tort Claims Act's (FTCA) Postal Matter Exception, 28 U.S.C.A. § 2680(b)*, 61 A.L.R. Fed. 2d 345 (2012). For example, in *Camizzi v. U.S.*, 2011 WL 32562, at *3 n.3 (W.D.N.Y. 2011), the district court explained that "plaintiff's purchase of insurance, above his purchase of basic mail service, is what avoids sovereign immunity and allows him to attempt any lawsuit against defendant up to value of the insurance purchased." *See also Azeez v. U.S.*, No. 10–cv–3591, 2010 W L 3310699, at *1 (E.D.N.Y. Aug.19, 2010) ("[I]f the plaintiff contracts with the Postal Service to send the package via registered mail, he or she may have a breach of contract claim that is not

5

precluded by sovereign immunity."). Accordingly, the Court concludes that to the extent Plaintiff is seeking reimbursement within the limit of insurance Defendant agreed to provide Plaintiff – $1000 in this case—she is not barred from doing so by § 2680(b); however, sovereign immunity prevents Plaintiff from pursuing an amount in excess of the contracted amount. The Court notes that, despite her *pro se* status, Plaintiff essentially advanced this very argument in her objections, suggesting that this court enjoys subject matter jurisdiction here because Defendant "offers a service to customers that it is now refusing to honor" and that Defendant's invocation of sovereign immunity is unjust under the circumstances. (ECF No. 23 at 1). The Court finds this objection well-taken and sustains it.

## Conclusion

The Court agrees with and **ADOPTS** the magistrate judge's conclusion that sovereign immunity bars Plaintiff's complaint to the extent it asserts a tort claim against Defendant for damages arising out of the mishandling of the shipment. However, the Court also concludes that sovereign immunity does not preclude Plaintiff from pursuing a contract claim against Defendant for up to $1000 - the limit of the insurance provided by Defendant. Accordingly, the Court hereby **GRANTS IN PART and DENIES IN PART** Defendant's motion to dismiss this action. **(ECF No. 7).**

The Court **RECOMMITS** this case to the magistrate judge for consideration of the liberally construed contract claim and any relevant arguments relating to such claim, including Defendant's argument that Plaintiff failed to exhaust her administrative remedies.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

July 25, 2024
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.